**NOT FOR PUBLICATION**

In the

# United States Court Of Appeals

## For the Eleventh Circuit

_____

No. 24-10868

_____

ALI CEM ERENLER,

*Plaintiff-Appellant,*

*versus*

TJM PROPERTIES, INC.,

TJM COLUMBUS, LLC,

TJM SYRACUSE, LLC,

TJM TREVOSE, LLC,

TERENCE J. MCCARTHY,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:8:21-cv-00671-SDM-SPF

_____

Before ROSENBAUM and BRANCH, Circuit Judges, and BECERRA,* District Judge.

PER CURIAM:

_____

* The Honorable Jacqueline Becerra, United States District Judge for the Southern District of Florida, sitting by designation.

Appellant Ali Cem Erenler brought this action against Appellees TJM Properties, Inc., TJM Columbus, LLC, TJM Syracuse, LLC, TJM Trevose, LLC, and Terence J. McCarthy asserting statutory, contractual and quasi-contractual claims related to his employment with Appellees. Following a trial, a jury found in favor of Appellees on all claims except Erenler's claim for violation of New Jersey's Wage Collection Law ("WCL"). As to that claim, the district court granted Appellees' motion for judgment as a matter of law. Erenler appeals the final judgment entered against him and raises eleven issues on appeal.

Erenler first argues that the district court did not have subject matter jurisdiction because the parties were not completely diverse. Erenler next challenges the district court's order granting judgment as a matter of law in favor of Appellees. Erenler asserts that the district court improperly granted judgment as a matter of law with respect to his New Jersey WCL claim because, in Erenler's view, the statute creates a private cause of action. Erenler also contends that the district court erroneously granted judgment as a matter of law as to his punitive damages claim under New Jersey's Conscientious Employee Protection Act ("CEPA") because he presented sufficient evidence to warrant punitive damages. Erenler further argues that the district court erred in granting judgment as a matter of law as to his claim that McCarthy should be held individually liable for the breach of

contract, unjust enrichment, and promissory estoppel counts.

In addition, Erenler contends that the district court committed several errors when instructing the jury. According to Erenler, the district court failed to properly instruct the jury that his New Jersey CEPA claim was based upon adverse actions other than termination. Erenler also asserts that the district court erred in failing to instruct the jury that it could consider a thirty-year-old felony conviction when weighing a witness's credibility. Erenler further argues that the district court abused its discretion in failing to issue a limiting instruction regarding Erenler's related action in New Jersey. Finally, Erenler maintains that the district court erred in failing to instruct the jury that the contractual and quasi-contractual damages he sought included severance pay, an unpaid bonus, and health benefits.

Erenler next challenges the district court's decision to allow testimony and argument regarding certain payments that Erenler allegedly received. It is Erenler's position that this evidence was irrelevant and prejudicial. Lastly, Erenler urges that the district court abused its discretion in denying his motion for a new trial, which raised the same issues as in this appeal.

After careful review and with the benefit of oral argument, we find no reversible error. Accordingly, we affirm the final judgment entered in favor of Appellees.

**AFFIRMED.**